# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 25-549

**Motion for:** Recall of Mandate and Leave to File Petition for Rehearing En Banc

**Caption [use short title]**

Bozzuto's Inc. v. Loiseau

Set forth below precise, complete statement of relief sought:

Defendants-Petitioners move for this Court to recall the mandate issued on July 29, 2025 and grant them leave to file the petition for rehearing en banc.

**MOVING PARTY:** Bozzuto's Inc., et al.    **OPPOSING PARTY:** Donrudy Loiseau, et al.

☐ Plaintiff   ☒ Defendant

☒ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Gerald L. Maatman, Jr.    **OPPOSING ATTORNEY:** Daniel Kotchen

[name of attorney, with firm, address, phone number and e-mail]

Duane Morris LLP
190 S. LaSalle St., Suite 3700, Chicago, IL 60603
GMaatman@duanemorris.com, 3122796780

Kotchen & Low LLP
1918 New Hampshire Ave NW, Washington, DC 20009
dkotchen@kotchen.com, 2024684014

**Court- Judge/ Agency appealed from:** U.S. District Court for the District of Connecticut - The Honorable Janet C. Hall

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes   ☒ No (explain): Due to the short period of time between the District Court's opinion (August 8) and this motion.

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes   ☐ No
Has this relief been previously sought in this court?   ☐ Yes   ☐ No

Requested return date and explanation of emergency: _____

Is the oral argument on motion requested?   ☐ Yes   ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes   ☒ No   If yes, enter date: _____

**Signature of Moving Attorney:**
/s/Gerald L. Maatman, Jr.   **Date:** August 12, 2025   **Service:** ☒ Electronic   ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

------------------------------------------------------- x
:
DONRUDY LOISEAU, QUINTON L. :
HEBRON and DWAYNE SMALL, :
individually and, on behalf of all others :
similarly situated, :
:
    Plaintiffs-Respondents, :
:
              -against- : No. 25-549
:
BOZZUTO'S INC., JAMES JONES, :
CHUCK CERRETA and JOEL :
SANTIAGO, :
:
    Defendants-Petitioners. :
:
------------------------------------------------------- x

## DEFENDANTS-PETITIONERS' MOTION TO RECALL MANDATE AND FOR LEAVE TO FILE PETITION FOR REHEARING *EN BANC*

Defendants-Petitioners Bozzuto's Inc., James Jones, Chuck Cerreta, and Joel Santiago (collectively, "Defendants-Petitioners" or "Bozzuto's") respectfully request that this Court recall the mandate issued on July 29, 2025 and grant Defendants-Petitioners leave to file the attached petition for rehearing *en banc* under Federal Rule of Appellate Procedure 40(b)(2) and Local Rule 40.1 with respect to the Motion Panel's July 29 Order denying Bozzuto's request for permission to appeal under Federal Rule of Civil Procedure 23(f).

-2-

## ARGUMENT

This Court should recall the mandate that it issued the same day as it denied Bozzuto's request for permission to appeal so that Bozzuto's may exercise its appellate rights. This Court's "power to recall a mandate is unquestioned," and the Court has "the power to reopen a case at any time." *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 89 (2d Cir. 1996) (citation omitted). The ability to recall a mandate "exists as part of the court's power to protect the integrity of its own processes." *Id*. This Court will exercise its discretion to recall a mandate to prevent "manifest injustice." *Bennett v. Mukasey,* 525 F.3d 222, 224 (2d Cir. 2008). Rule 41 establishes the default rule that the mandate "must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition ... whichever is later." Fed. R. App. P. 41(b).

Recalling the mandate is necessary for Bozzuto's to exercise all its rights before this Court. Rule 41(b)'s seven-day baseline rule reflects an intentional effort to balance the need to avoid "significant and unwarranted delay" with the rights of litigants in an appellate proceeding. *See* Advisory Committee Notes to 2002 amendment to Fed. R. App. P. 41. Accordingly, this Court has declined to issue a mandate in fewer than seven days after the deadline to petition for rehearing "to protect any arguable rights . . . to further appellate review." *Floyd v. City of New York*, 770 F.3d 1051, 1057 n.8 (2d Cir. 2014). It also has the power to *sua sponte*

withdraw a mandate that prematurely divested itself of jurisdiction. *See Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 119 (2d Cir. 1998) (recalling mandate dismissing appeal as untimely and ordering briefing on question of jurisdiction).

Here, this Court issued its mandate on the same day that it denied Defendants-Petitioners' Rule 23(f) petition. In doing so, the Court denied Defendants-Petitioners an opportunity for further appellate review via requesting rehearing *en banc*. As in *Floyd*, the premature denial of complete appellate opportunities is precisely the sort of manifest injustice that the authors of Rule 41(b)'s default rule intended to prevent.

This Court also did not shorten the time for issuing a mandate "by order," as the Rules require. Under Rule 41(b), this Court "may shorten or extend the time" to issue a mandate, but it must do so "by order." Fed. R. App. P. 41(b). Typically, this Court historically explains its decision whether to shorten the time before issuing a mandate in a written decision. *See*, *e.g., Floyd*, 770 F.3d at 1063 (declining to expedite mandate). The Court's July 29, 2025 Order denying Bozzuto's Rule 23(f) petition does not address whether to shorten to time before issuing the mandate, (ECF No. 12) and the Court did not otherwise enter any order reaching or explaining that conclusion. The Court thus did not issue the requisite "order" under Rule 41(b).

-3-

Bozzuto's request is timely and not prejudicial. "A motion to recall or modify the mandate may be made at any time." *Fine v. Bellefonte Underwriters Ins. Co.*, 758 F.2d 50, 53 (2d Cir. 1985). "[A]ny petition for panel rehearing or rehearing en banc must be filed within 14 days after judgment is entered." Fed. R. App. P. 40(d)(1). Bozzuto's is filing the instant motion to recall the mandate and attached petition for rehearing *en banc* within 14 days of when this Court denied its Rule 23(f) petition. Thus, there has been no "substantial lapse of time between issuance of [the] mandate and the present motion." *Sargent,* 75 F.3d at 90 (concluding two weeks of denial of petition for writ of certiorari was insubstantial). And because Bozzuto's Rule 23(f) petition seeking leave to appeal did not divest the district court of jurisdiction over this case or otherwise stay those proceedings, no delay or prejudice will result from recalling the limited mandate over Bozzuto's Rule 23(f) petition.

## CONCLUSION

For the foregoing reasons, Bozzuto's respectfully requests that the Court recall its mandate and grant leave for Bozzuto's to file the attached petition for rehearing *en banc*.

**Dated:** **August 12, 2025**

<div style="text-align: right;">

Respectfully,

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

</div>

-4-

                      DUANE MORRIS LLP
                      190 S. LaSalle Street, Suite 3700
                      Chicago, IL  60603
                      Tel: (312) 499-6700

                      *Attorneys for Defendants-Petitioners*

# PROPOSED PETITION FOR REHEARING OR REHEARING *EN BANC*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

_____

DONRUDY LOISEAU, QUINTON L. HEBRON and DWAYNE SMALL,
individually and, on behalf of all others similarly situated,

*Plaintiffs-Respondents*,

v.

BOZZUTO'S INC., JAMES JONES, CHUCK CERRETA and JOEL SANTIAGO,

*Defendants-Petitioners*.

_____

FROM AN ORDER GRANTING CERTIFICATION OF CLASS
IN PART ENTERED ON FEBRUARY 21, 2025 BY THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
22-CV-01485 (JCH)
THE HONORABLE JANET C. HALL

_____

### PETITION FOR REHEARING OR REHEARING *EN BANC*

_____

Gerald L. Maatman, Jr.
Jennifer A. Riley
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Tel: (312) 499-6700

     *Attorneys for Defendants-Petitioners*

-i-

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.l, undersigned counsel state that Bozzuto's Inc. is not a publicly held corporation, Bozzuto's Inc. does not have a parent corporation, and to the best of Bozzuto's Inc.'s knowledge, no publicly held company owns 10 percent or more of its stock.

## TABLE OF CONTENTS

*Page*

CORPORATE DISCLOSURE STATEMENT ........................................................i

TABLE OF AUTHORITIES ............................................................................. iii

INTRODUCTION ..............................................................................................1

QUESTIONS PRESENTED................................................................................3

ARGUMENT ......................................................................................................3

I.     The *En Banc* Court Should Hold That District Courts Must Resolve A *Daubert* Challenge Before Certifying A Class When Class Certification Depends On Challenged Expert Testimony ...............................3

CONCLUSION ...................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Am. Honda Motor Co. v. Allen*,
　600 F.3d 813 (7th Cir. 2010) ...................................................................... 6

*Bazemore v. Friday*,
　478 U.S. 385 (1986) .................................................................................. 4

*Bickerstaff v. Vassar College*,
　196 F.3d 435 (2d Cir. 1999) ...................................................................... 4

*Chen-Oster v. Goldman, Sachs & Co.*,
　114 F. Supp. 3d 110 (S.D.N.Y. 2015) .................................................... 3-4

*Hevesi v. Citigroup Inc.*,
　366 F.3d 70 (2d Cir. 2004) ........................................................................ 6

*In Re Blood Reagents Antitrust Litig.*,
　783 F.3d 183 (3d Cir. 2015) ...................................................................... 7

*In Re LIBOR-Based Fin. Instruments Antitrust Litig.*,
　299 F. Supp. 3d 430 (S.D.N.Y. 2018) ....................................................... 4

*In Re Namenda Indirect Purchaser Antitrust Litig.*,
　2021 WL 100489 (S.D.N.Y. Jan. 12, 2021) .............................................. 4

*In Re Nissan N. Am., Inc. Litig.*,
　122 F.4th 239 (6th Cir. 2024) .................................................................... 7

*In re U.S. Foodservice Inc. Pricing Litig.*,
　729 F.3d 108 (2d Cir. 2013) ...................................................................... 3

*Prantil v. Arkema Inc.*,
　986 F.3d 570 (5th Cir. 2021) .................................................................... 7

*Sher v. Raytheon Co.*,
　419 F. App'x 887 (11th Cir. 2011) ............................................................ 7

*Smith v. Virginia Commonwealth Univ.*,
　84 F.3d 672 (4th Cir. 1996) ...................................................................... 4

*Wal-Mart Stores, Inc. v. Dukes*,
　564 U.S. 338 (2011) .................................................................................. 3

**Statutes & Other Authorities:**

42 U.S.C. § 1981 ................................................................................................4

Fed. R. App. P. 40(b) .........................................................................................1

Fed. R. App. P. 40(b)(2)(D) ...........................................................................2, 3

Federal Rule of Civil Procedure 23 ...................................................................6

Federal Rule of Civil Procedure 23(b)(3) .........................................................1

Federal Rule of Civil Procedure 23(f) ......................................................*passim*

Local Rule 40.1(a) .............................................................................................1

Defendants-Petitioners Bozzuto's Inc., James Jones, Chuck Cerreta and Joel Santiago (collectively, "Defendants-Petitioners" or "Bozzuto's"), under Federal Rule of Appellate 40(b) and Local Rule 40.1(a), respectfully petition for rehearing *en banc* of the divided Motion Panel's July 29, 2025 Order[1] denying permission to appeal under Federal Rule of Civil Procedure 23(f) from the district court's order granting class certification under Federal Rule of Civil Procedure 23(b)(3).

## INTRODUCTION

Bozzuto's sought this Court's permission to appeal from the February 21, 2025 Order of the U.S. District Court for the District of Connecticut (Hall, J.) certifying a Rule 23(b)(3) Title VII damages class of hourly warehouse employees. The district court's decision – a one-page order that certified a class of thousands of warehouse employees who worked in eleven different positions at three separate locations from 2018 to present – is manifestly erroneous. Although Plaintiffs' disparate treatment class depends entirely on expert opinion, the district court did not address Bozzuto's challenge to the admissibility of Plaintiffs' expert before issuing its Order. Indeed, in a later class certification opinion issued this past Friday, August 8, 2025, the district court acknowledged Bozzuto's "pending *Daubert* motion" but stated that "the court intends to consider this *Daubert* motion up [sic]

---

[1] Judge Menashi would have granted the Rule 23(f) petition. (ECF No. 12.)

-2-

at summary judgment" – and not at the class certification stage.[2] (Opinion at 33, n.12.)

*En banc* review is warranted under Rule 40(b)(2)(D) because this petition presents a "question[] of exceptional importance" – namely, whether district courts must resolve a *Daubert* challenge to an expert's opinion before certifying a class where the motion for class certification depends upon that expert testimony. Both the Supreme Court and this Court have strongly suggested that a district court must resolve a *Daubert* challenge or otherwise find expert testimony admissible before it grants class certification.

This case presents a frequently recurring question without a definitive answer. A rehearing of this Rule 23(f) petition is the most, if not only, effective way to finally resolve the matter in this circuit.

Accordingly, this Court should grant the petition, and conclusively establish that district courts must resolve a *Daubert* challenge to expert testimony on which a motion for class certification is based before certifying a class.

---

[2] Bozzuto's has concurrently filed a motion to supplement the appellate record to include the district court's August 8, 2025 opinion ("Opinion"). (ECF No. [].) The district did not acknowledge that the motion for summary judgment entails the individual claims of the named Plaintiffs, and not the class claims.

## QUESTIONS PRESENTED

1. Whether this Court should establish that a district court must resolve a *Daubert* challenge to expert testimony on which a motion for class certification is based before certifying a class.

## ARGUMENT

Rehearing *en banc* is warranted when the proceeding involves a question of exceptional importance. *See* Fed. R. App. P. 40(b)(2)(D).

### I. The *En Banc* Court Should Hold That District Courts Must Resolve A *Daubert* Challenge Before Certifying A Class When Class Certification Depends On Challenged Expert Testimony

This Court should grant rehearing *en banc* on the Rule 23(f) petition to reconsider whether the District Court erred when it failed to consider Bozzuto's *Daubert* challenge at class certification. The U.S. Supreme Court has expressed "doubt" that "*Daubert* did not apply to expert testimony at the certification stage of class-action proceedings." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 354 (2011). And this Court has interpreted the Supreme Court's "doubt" as "suggesting that a *Daubert* analysis may be required at least in some circumstances." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 129 (2d Cir. 2013) (citing *Wal-Mart*, 564 U.S. at 354). Following this guidance, district courts in this Circuit repeatedly have properly applied *Daubert* to evaluate expert testimony at the class certification stage. *See*, *e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 115

(S.D.N.Y. 2015); *In Re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 470-71 (S.D.N.Y. 2018); *In Re Namenda Indirect Purchaser Antitrust Litig.*, 2021 WL 100489, at *7 (S.D.N.Y. Jan. 12, 2021).

The district court in this case manifestly erred when it failed to consider Bozzuto's *Daubert* challenges to the expert whose testimony was essential to the class certification order. In a suit based on alleged pay disparities, expert opinions must account for the nondiscriminatory variable of tenure. *See Bickerstaff v. Vassar College*, 196 F.3d 435, 449 (2d Cir. 1999) (finding expert analysis that failed to control for seniority to be "so incomplete as to be inadmissible as irrelevant." (citing *Bazemore v. Friday*, 478 U.S. 385, 400 n.10 (1986))); *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 676 (4th Cir. 1996) (en banc) ("*Bazemore* and common sense require that any multiple regressions analysis used to determine pay disparity must include all the major factors on which pay is determined.")).

Plaintiffs' expert failed to account for the obvious variable of seniority. Plaintiffs filed suit under Title VII and 42 U.S.C. § 1981 on behalf of a putative class of Black employees who allegedly "were paid at a lower rate of pay than White employees with comparable position[s]." (Appendix A-18-19.) As is typical for these claims, Plaintiffs relied on their expert's statistical analyses of pay discrepancies. (A-158.) But Plaintiffs' expert admittedly failed to control for how long each employee had worked at Bozzuto's. Tenure is especially relevant here

-4-

because all Bozzuto's employees in the same position start at the same hourly wage and, as Plaintiffs' expert admits, there are no racial differences in pay raises from that uniform starting wage. (*See* Petition at 11.) Because the expert omitted a fundamental variable from the analysis, the opinion is unreliable and thus cannot serve as the basis for class certification.

The district court erred by failing to address Bozzuto's *Daubert* challenges. Bozzuto's challenged the flawed methodology of Plaintiffs' expert both in its opposition to class certification, dedicating ten pages of briefing to the subject, and through a timely *Daubert* motion. (*See* A-057-067; ECF No. 149.) Yet, the district court did not address any of Bozzuto's arguments or the expert issues identified in Defendants' briefing before granting class certification in its one-page ruling. (A-274–275.)

The district court later confirmed, in its recently issued Opinion dated August 8, 2025, that it did not consider Bozzuto's *Daubert* motion at class certification. (Opinion at 33.) Instead, the district court stated that it "intends to consider this *Daubert* motion up [sic] at summary judgment." (*Id.* at n.12.) However, in granting class certification, the district court admittedly relied on "the plaintiffs' data show[ing] that black, hourly employees earn less at Bozzuto's than white, hourly employees" as "'significant proof' of a disparate impact on black warehouse associates." (*Id.* at 32-33; *see also id.* at 41 ("[Plaintiff's expert] found that the

-5-


average hourly warehouse worker at Bozzuto's across the class period made only $18.44 per hour, while the average white hourly worker made $20.45 per hour.").)

The district court's failure to address Bozzuto's *Daubert* challenge at the class certification stage constitutes clear error. Moreover, as the district court expressly acknowledged in its Opinion, without their expert's analysis Plaintiffs cannot carry their burden of showing why class treatment is warranted under Rule 23.

An *en banc* rehearing of this Rule 23(f) petition is the most, and perhaps only, effective method to finally resolve whether *Daubert* applies at class certification. As this Court has noted, "very few" class actions result in a final, appealable judgment, "so review of a novel and important legal issue" in this context "may be possible only through the Rule 23(f) device." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 80 (2d Cir. 2004); *see also* Fed. R. Civ. P. 23(f) Advisory Committee's Notes to 1998 Amendment (noting concern with difficulty of obtaining appellate review of important class issues and that Rule 23(f) allows "[t]hese concerns [to] be met at low cost by establishing in the court of appeals a discretionary power to grant interlocutory review in cases that show appeal-worthy certification issues"). In fact, the other circuits that have determined that *Daubert* applies at class certification did so in the context of Rule 23(f) petitions. *See, e.g.*, *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 814 (7th Cir. 2010) (accepting appeal "to resolve whether the district court must conclusively rule on the admissibility of an expert opinion prior to class

certification" because "this is the type of question that Rule 23(f) was designed to address"); *Sher v. Raytheon Co.*, 419 F. App'x 887, 888 (11th Cir. 2011) (Rule 23(f) appeal); *In Re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 184 (3d Cir. 2015) (same); *Prantil v. Arkema Inc.*, 986 F.3d 570, 575 (5th Cir. 2021) (same); *In Re Nissan N. Am., Inc. Litig.,* 122 F.4th 239, 245 (6th Cir. 2024) (same). Rehearing *en banc* of the Rule 23(f) petition is the best posture in which to address this exceptionally important, recurring question.

Thus, the district court's decision to grant class certification without addressing Bozzuto's objections to Plaintiffs' expert was manifestly erroneous, and rehearing *en banc* is necessary to correct the mistake in this case and to set the proper standards for considering expert testimony at class certification going forward.

## CONCLUSION

For the foregoing reasons, Bozzuto's respectfully asks this Court, to grant its petition for rehearing *en banc*.

**Dated: August 12, 2025**

Respectfully,

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
Jennifer A. Riley
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Tel: (312) 499-6700

*Attorneys for Defendants-Petitioners*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned hereby certifies that this document complies with the word limit of Federal Rule of Appellate Procedure 35(b)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,538 words.

The undersigned further certifies that this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman size 14 font.

**Dated: August 12, 2025**

Respectfully,

*/s/ Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
Jennifer A. Riley
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Tel: (312) 499-6700

*Attorneys for Defendants-Petitioners*